Alright, we'll hear the next case, Bohus and Shelton v.Restaurant.Com, No.14-3316 Good morning, your honors, and may it please the court. My name is Bruce Greenberg. I represent plaintiffs Larissa Shelton and Gregory Bohus, the appellants in this court, and with the permission of the court, I'd like to reserve three minutes of time for rebuttal. That is granted. Thank you, your honor. The Supreme Court of New Jersey has consistently said that retroactive application of judicial decisions is the general or the ordinary rule. So in this case, in the district court, the defendant had the obligation to prove its right to an exception to that rule of retroactivity. Since in this court, the standard of review is the standard of de novo review, the defendant has that same burden here. Plaintiffs respectfully submit that the defendant didn't carry that burden below and hasn't carried it here. We owe no deference at all to the district court's weighing of equitable factors? I don't think, your honor, that the equitable factors that were weighed or that the weighing of those factors is entitled to any deference because of the nature of the factors that were considered and the lack of underlying evidence to support those factors. Take it out of this. Take those arguments out for a moment and answer me in the abstract. Are the weighing of equitable considerations ordinarily due deference by an appellate tribunal? Ordinarily they are, assuming that the factual predicates and the legal basis for the reasoning support those conclusions. The answer would be yes, ordinarily. Now your assertion, I'd like to start with the arguments you make in your briefing that this isn't really a new rule. And ask you if you agree or disagree with the district court's characterization of the Supreme Court's effort to answer the certified question as being, quote, complicated because it found no language in the TCWNA could clearly be applied and that in order to construe the statute, the Supreme Court considered general statutory body of work, including that the statutes were medial and had to be applied broadly, et cetera. In other words, the district court looks at what the Supreme Court of New Jersey did, says it wrestled with it, found it complicated, found no guidance in the statute itself, looked elsewhere, et cetera. Is that a fair characterization of what the New Jersey Supreme Court did? We don't agree with that characterization, Your Honor. What the New Jersey Supreme Court did was to take the language of the statute and to apply a default definition from NJSA 1,1-2, which in our view is no different than applying any plain language definition or a dictionary definition of relevant terms. That kind of a decision-making process we would not consider to be excessively complicated in any way. So you're saying, was it a mistake for us, Mr. Greenberg, to certify this in the first instance? Because if it was really that straightforward, shouldn't we have just taken it and handled it ourselves instead of going to the New Jersey Supreme Court and saying, this is a thing with far-reaching consequences and we haven't got a clue how you'd decide it? Well, I think the court had two options at that time, Your Honor. One obviously was to keep the case undecided. The second option was what the court chose to certify the questions. By what I'm about to say, I mean no slight to the court, but this court is not as immersed in New Jersey law and especially statutes that, while they've been the subject of a number of cases, are not as often litigated as this particular statute is. And it was not unreasonable for the panel at that time to say, the New Jersey Supreme Court is the ultimate arbiter. They are immersed in New Jersey law. They decided the Kent Motors case under this very statute, I guess, two years before at that time. We will ask them to certify these questions. Ultimately, the New Jersey Supreme Court, by its language, didn't find these issues very difficult. Their conclusions were, in one instance, that the certificates squarely fell within the jurisdiction. Another quotation was that the very nature of the certificates led to the conclusion. So whatever this court thought at the time was... Well, you have to make sure that the court also said, as the district court pointed out, that it wasn't clear that the legislature ever had this in mind when they passed the statute and that, in fact, this represented a question of first impression in the sense that there had never been any ruling about intangible property being inside or outside the statute, right? I think two things about that, Your Honor, if I may. The first thing, the quotation that Your Honor read is one we've seen a lot in the briefs. But the quotation is actually taken out of context. What the Supreme Court said in that final paragraph was, we are not sure that the legislature envisioned this particular application of the statute. But then the next sentence was, quote, the statute as drafted, however, applies to the certificates in question. So what the Supreme Court was saying was not an expression of doubt as to whether the statute should be applied in this case. It was the recognition that whether or not the legislature intended this in 1981 when it adopted the statute, the plain language of the statute, as interpreted by the court, meant that the statute is applicable to this very case. The words are broad enough to capture it, sure, but that doesn't mean it's not a new rule. Isn't the language saying this probably may never have been anticipated, doesn't that actually say, yeah, the language can cover this, but it's a new coverage, it's something that didn't occur before? I don't think so, Your Honor. We are dealing with a line that's occasionally indistinct between an issue of a first impression or a new rule of law on one hand, and on the other hand, what the Supreme Court said in Malinowski v. Jacobs was merely a new factual variant of existing law being applied in an unremarkable way. Here we had a statute that by its terms applied to, quote, all property, close quote. What the Supreme Court did was to say that all property includes both intangible property and tangible property, in the same way as if there were a statute that applied to, quote, all motor vehicles. And I argued that red cars are not included because it doesn't say that, and the court said, of course red cars are included within motor vehicles. That's not a new rule of law, that's a factual variant. Certification by our court, or petition to certify, is an unusual step. And the New Jersey Supreme Court wasn't obligated to accept the certification, and oftentimes declines the certification, so isn't the combination of a panel of this court finding the issue to be sufficiently unclear that they want the New Jersey Supreme Court to decide it, and the New Jersey Supreme Court accepting the certification sufficient to show this is a new rule? I don't think so, Your Honor, for several reasons. Number one, as I indicated, the Supreme Court, squarely within the very nature of the certificate's reveals, found that it did not find that the issues were sufficiently difficult or removed to constitute a new rule of law. But secondly, the Supreme Court... I mean, if it was so clear to the New Jersey Supreme Court, I don't think they would have accepted the certification. Well, I'm not sure that that's the case, Your Honor, because the court, because this court, asked for clarification from the Supreme Court of New Jersey, and they are the ultimate arbiters. Obviously, as Your Honor says, they're under no obligation to accept the certification, and they often decline it. We don't know what was in their heads when they accepted the certification. What we do know is that from the language of their decision, they found this squarely to fall within the statute, and they seemed to have no difficulty. More than that, when they reformulated the abstract legal questions without particular reference to Restaurant.com, the New Jersey Supreme Court, however, reformulated those questions in a way that applied specifically to Restaurant.com and to these certificates. When they did that, that indicated that their decision would apply to this case, as they in fact said it should. They can't... When you say, should apply to this case, that is something I wanted to ask you about. You talk in your reply brief about the New Jersey Supreme Court can't give advisory opinions, etc. But isn't that exactly what the rule permitting certification of questions of law provides for? They can't decide this case. Your implication that they decided this case for us, how can that be right? The case isn't in front of them. The only thing that's in front of them is an abstract question of law, because that's the only thing they're allowed to respond to, isn't it? The questions they actually decided, as reformulated by them, were questions that were specific to Restaurant.com, not merely abstract issues that would arguably have left room for someone to say they have decided an abstract issue about intangible versus tangible, but they haven't told us whether it applies to this case. I'm just asking you a question of straight up power and jurisdiction. They can't decide this case, can they? They can't decide the ultimate issues in the case, no, and they didn't purport to, and we don't say they did. However they chose to reformulate the question, the assertion that they did, in fact, because that's what it seems that you're asserting in your reply brief, that they didn't give an advisory opinion. They gave an opinion that's binding on the court somehow in terms of these people in this case, and that we're bound to give deference or to follow what they said. That just seems wrong as a matter of New Jersey law and their own rules. I think on the legal issue, Your Honor, if that's what the brief conveyed, that may have been an overstatement. What is the fact, however, is that the panel of this court who issued their decision after the Supreme Court's decision stated near the end of the opinion that under Erie, this court was obligated to apply the decision of the New Jersey Supreme Court to this case. Those were the words of the panel. From that as well, as well as we believe the language of the New Jersey Supreme Court, the district court didn't have authority not to apply what the Supreme Court did to this case. That's the point in contention, right? What does it mean to apply this law? Because nobody disagrees. I was on the panel. I remember pretty well. We recognize you've got to apply what the New Jersey Supreme Court did, for which we are profoundly grateful. I want to emphasize. We're always grateful when the highest court of one of the states in our jurisdiction is generous enough to take a difficult question, because we don't certify questions we don't think are difficult, and expends the time and the resources of their court to help us sort something out. Recognizing that we have to apply the law that they very kindly answer for us doesn't mean, indeed can't mean, that the sister court has decided, for example, the prospective versus retrospective weighing of equitable factors for how that rule of law is to apply specifically to this defendant in this case, does it? Well, I see my red light is on, but if I can answer your question. The district court obviously had to engage in an analysis that was provoked by the motion that the defendant filed as to retroactivity or pure prospectivity. The district court had to do that, and it did. Our position, however, is that that analysis was guided by a Supreme Court of New Jersey precedent that has been cited in the briefs, and most importantly, by the language of the Supreme Court in its decision in Shelton, which, as I've indicated, we believe says squarely that the principles there are to be applied going forward in the case. How the case will ultimately be decided, none of us knows, but the case should proceed in line with the ruling of the Supreme Court and in line with the direction of this court in its subsequent decision that the ruling of the Supreme Court is to be applied to this case. Let me ask you, let's put two minutes on, we'll give each side another two minutes, because I think we need to probe a little bit about will retroactive application produce inequitable results. You obviously did not agree with what Judge Pisano said, but I think one of your suggestions was send it back for creation of an evidentiary record. I'm just trying to figure out what that would look like. Would Restaurant.com have to then produce everybody who could possibly be affected by this? How would that look in real practice? We didn't suggest that there be a remand for the creation of a record. We suggested that in Selective v. Rothman, the Supreme Court of New Jersey said they would not consider a retroactivity or a prospectivity argument without a record having been made. Here, Restaurant.com had the opportunity to do what the parties did in the Sasko case that's been briefed, to your honors, or to the Henderson v. Camden County Municipal Authorities case that was briefed, to your honors, and to make a record at the time that this was a widespread practice, that there was reasonable reliance on a plausible interpretation of the statute that was alternative to the one that the Supreme Court found. That's the standard that's announced even in the cases that Restaurant.com relies on, Malinowski and Rothman. So you're not asking for a remand? I mean, I know you'd like just a straight-up reversal, but I thought one of your backup positions was remanded for creation of an evidentiary record. But it sounds like you just said, we're not asking for that. We haven't asked for that. We think that they've forfeited the opportunity to do that. At a minimum, if the Court disagrees, there should not be a decision allowing prospectivity of this decision without any record having been created on that issue. Well, Judge Pisano said that that's really unnecessary in this particular case. It's not hard to imagine how many people would be affected by this decision. Well, he did say that, but again, respectfully, we think that that decision was unsupported. The Supreme Court's precedents apply things prospectively only when there is an actual record that not only the particular party felt a given way about the statute, but that others did. How about this language from Kuhn's two? Quote, we conclude that given the nature of this statute, we are justified in presuming that because of the tolling feature, many suits may have been brought against unrepresented foreign corporations. In other words, you don't need, necessarily, an evidentiary record. There are some issues which, by their very nature, you can look at and presume will have widespread effect, which is what Judge Pisano appears to have cited here. So doesn't New Jersey Supreme Court authorities support what Judge Pisano did? Well, I think, number one, that Kuhn's was a case involving a particular tort context where the courts could virtually take judicial notice of the filing of a lawsuit. We can get into the details, but you just said a moment ago, a universal, that New Jersey Supreme Court requires always an evidentiary record. Kuhn's, too, seems to say that's not true. You can presume things in certain circumstances will have widespread effect. So it's not universal, is it? Well, I think in the subsequent cases, Your Honor, Kuhn's was from 1984. In the subsequent cases, the Supreme Court has required that kind of thing. I'm not saying that Kuhn's is not in the books. It is. But in subsequent cases, the Supreme Court has insisted on an that the party at issue found the question murky. There needed to be proof that parties other than the parties involved in the case found that issue murky, and there was not. That's what we have here. Okay. Thank you, counsel. Thank you, Your Honor. Good morning, Your Honors. To please the Court, my name is Michael McDonald, and I represent restaurant.com. I'd like to pick up on something that my adversary said at the response to questioning. He said we did not know what was in their heads, meaning the Supreme Court. That's actually inconsistent with what the plaintiff's position is in this case. The plaintiff's position has been, well, we know what the Supreme Court wanted to do, but that's really not the standard. Clearly, I think as the panel's questioning to plaintiff's counsel this morning indicates, this was a new rule of law. The district court in the first instance indicated that there was no appellate authority, indicating that intangible property was included within the definition of the word property. On appeal, a panel of this court agreed and determined that the issue was, in fact, so complex and so much without appellate authority that it would certify the question to the New Jersey Supreme Court. Let's take it for granted for purposes of discussion for a few minutes. We would agree with you that it's a new rule of law. Do you agree or disagree with your opponent's assertion about the standard of review? Is this a de novo review as we look at the weighing of the equitable factors, or is there some deference that's due to what Judge Pisano did in weighing those factors? I think when you're talking about equitable considerations, that some deference has to be given to what the court considered here. What the court took into consideration was what's in the complaint and what this court had, in fact, decided with respect to the absence of any loss or injury. The court is dealing with a question of not just whether there's a new issue of law, but whether or not application of a new rule of law would be inequitable under the circumstances. You need to respond, if you would, to the points made in the plaintiff's opening brief. I think it starts at page 42, where they go through several pages and say, in effect, Judge Pisano just doesn't like statutory damages. But that's not a decision he gets to make. That's a decision that the New Jersey legislature gets to make. And whether there's actual economic harm or not, which you just mentioned, is frankly irrelevant. There's a violation of the statute. The legislature has said that's to be dealt with by statutory damages. And we, the plaintiffs, fought for that, and we're entitled to get the benefit of it. What's wrong with that reasoning? Well, number one, there's certainly nothing in the record to suggest that Judge Pisano had any personal animosity towards the statute. Well, you could look at some of the things he said with respect to, there's no harm here, so no foul, as ignoring the existence of statutory damages, right? I mean, because their point is, we don't have to show actual harm. We've got statutory damages, and we're entitled to the benefit of those. And Judge Pisano, does he ever address that point? Well, I think he does, Your Honor, in the sense that this is a case about penalty damages. And the court considered that with respect to other instances where the New Jersey Supreme Court has decided issues of either retroactivity or prospectivity, the question has come down to, you know, what is the harm that's been done here, and how will the litigants be affected? And so, in this particular instance, it is clear from the complaint and the record in the case that there is no harm to... We're talking past each other. I'm trying to get you to answer their argument. Their argument is, Judge Pisano spoke in terms of windfall damages. That's his language. He By using that kind of language, Judge Pisano was indicating animosity to the existence of the statutory damages themselves. They'll speak for themselves, but this is what I understand their argument to be. And that just has no place in this. It's not his business to disagree or to agree with the public policy judgment of the New Jersey legislature. It's not a who are, in effect, victimized by a violation of a statute. Okay? I understand that to be the argument. I'm trying to get you to respond to the assertion that Judge Pisano didn't squarely meet and address their entitlement to relief on a statutory basis, but dismissed it as a, quote, windfall. Well, I don't think the judge's use of the word windfall was meant to be derogatory in I think what the court is expressing is really the difference between this particular case and other cases where others have been harmed. Here, in this case, you have plaintiffs who purchased, you know, $10 and $25 certificates for a discount for a meal and, for the most part, used their certificates to get the benefit of the bargain. Nobody's making the argument that they were actually harmed. At this juncture, for purposes of our discussion, you keep going back to there's no harm, there's no harm. I'm trying to get you to get past that. I want you to leave that to the side. Okay, no harm. But does no harm mean no foul? The New Jersey legislature apparently says no. They say there are statutory damages, right? And that's the point the plaintiffs are making. It's the point I'm trying to get you to grapple with and I'm trying to get you to respond to point out how Judge Pisano grappled with it if he did. I think he grappled with it by looking at what the equitable considerations would be, weighing the factors. And the New Jersey Supreme Court has always said that the question of prospectivity is one of fairness. And so what Judge Pisano did was look at the allegations in the complaint and what was actually happening here. So I'm not going to talk about any actual harm, but what he balanced against that was the potential liability and exposure for a technical violation bringing with it penalty damages on a class-wide basis. And weighing those considerations, understanding that no one has been harmed, the court viewed... Would it have to be on a class-wide basis? Is it within the power of this court to say, okay, you win and you get this amount of retrospective relief. The two named plaintiffs get $100 each and otherwise, equitably, we think it's, as Judge Pisano said, a matter of common sense to say it would be unfair and improper to let it go past that. Is that within the power of this court to do? I'm not sure it's within the power of this court to do. I'm sure the plaintiffs would disagree with that. I'm sure they would too. I'm asking you whether you think that's something we can do. I think that's something we can do because that would be a weighing of the equitable considerations. It seems to me that the issues that Judge Pisano was dealing with is predominantly what is in the complaint. The complaint is seeking class-wide relief for these damages for potentially thousands or tens of thousands of people. So if they get $100 for each of the named plaintiffs, they're entitled to their attorney's fees for fighting the fight too, right? Under the statute? Well, I think the difficulty here, Your Honor... I'm not asking about the difficulty. I'm just asking as a matter of statute. They would be entitled to say we get fees too, right? As a matter of what the statute provides, the statute does provide for attorney's fees. Here, I think it's important to remember and to consider that whenever the New Jersey Supreme Court has considered either prospective or retro application of court decisions, it has looked to whether anyone has been harmed by this situation or if there's a particular... It gets back to Judge Jordan's point. We have a statute that allows for damages without proof of loss, without harm, and what incentive would there be on the part of anybody to challenge a novel situation or something that maybe the legislature hadn't foreseen but falls squarely within the statute? Nonetheless, what incentive is there for a plaintiff to bring a claim if they cannot recover anything? Well, I think there's plenty of incentive for plaintiffs to bring claims. After all, what the legislature has done in this case is it's commissioned attorneys to be private attorney generals for purposes of policing the law, enforcing the law. And if they're not going to recover anything, what incentive would there be for a plaintiff's law firm to bring this kind of claim? Your Honor, plaintiff's law firms have plenty of incentive in taking cases. They do it every day. Their incentive is to win the case or settle it. They've won this case to some extent, and yet they walk away with nothing, under your view. Well, they haven't won anything yet, Your Honor, with all due respect. Well, they had an issue. You opposed them in the New Jersey Supreme Court, and they won there. I understand that, but the case gets sent back to the district court where there's simply a complaint, and there's nothing else. This was decided on a motion to dismiss. So you don't have a situation where certain litigants should be rewarded for anything. I mean, the litigants have not done anything in this case. The lawyers have simply taken on a case like any other case. I mean, that kind of undersells it, really, doesn't it, when you say they've just taken on a case. They took this case on years ago. You folks have been fighting for years through the district court up here, over the New Jersey Supreme Court back here, back down to the district court, then back up here. And at the end of all of that, when you say they haven't won anything, they've won a crucial point of law, which is that the restaurant.com certificates are covered by this statute, if one is to say that they're literally squarely within language from the Supreme Court of New Jersey. In your view, that's nothing?  No, but it gets them back to square one, which is the complaint. Our client has never taken the position that there's been a violation of the statute. And so the idea that attorneys' fees should have been awarded is, I think, putting the car before the horse, because there are defenses to the complaint and the merits of the actual claims under the TCCW&A. But the case has been dismissed because the Supreme Court's result doesn't get to be applied to these particular plaintiffs. That's correct, Your Honor, because what happened on remand, as the court knows, is the district court considered the application for prospective relief only. And what the court did was decide the case in accordance with well-established standards. Well, the well-established standard is that the party that fights the fight does get the benefit of the rule. That is, when you say well-established standard, if you were going to ask yourself, what's the well-established standard? The well-established standard under New Jersey law is that the person that battles gets the reward of the battle. That is, you have to concede that's the general rule, right? You're fighting for an exception. Well, I would say that it's the general rule. However, if you look back on all of the cases that I'm aware of where prospective application was applied, either for a defendant or for a plaintiff, the rewarding someone occurs to prevent prejudice, to prevent harm. Well, now, I mean, your adversary appears to be quite right. They pointed out in their reply brief you didn't discuss at all, if we decide that this should be applied prospectively, what happens to the individuals. And that's, I guess, what you're dealing with right now. What case says that we can depart from the rule? And, I mean, I wrote down a couple like Kelly, Kibble, Henderson. They all say at least the individual plaintiffs are entitled to some recovery, right? I'm not sure that there's a rule of law that says that, Your Honor, because cases can be applied prospectively to everyone, and the Supreme Court of New Jersey has often ruled that way. And, in particular, Judge Pisano, in a fairly thorough opinion, analyzed the standard for prospective application and applying decisions. But he didn't really talk about the individuals. He talked about everybody sort of collectively. Well, I have to go back to the opinion to get to precise language. My understanding and recollection is that the court did speak not only class-wide, but also in terms of these particular plaintiffs who simply have an allegation in the complaint that they purchased a certificate to give them a discount and they did nothing else. So they didn't even go to the restaurant to try to do it. But they were the ones who took it off, and that's the point of the cases. They give relief to the class representatives who fought to push this thing forward. I understand that, Your Honor, but my point is that in those cases where the Supreme Court has said that at least the litigant should get the benefit of the fight, those are instances where the litigant has been harmed or affected in some way, whether by statute or decision. So you're back to actual harm now? You're back to ignoring the existence of statutory damages? No, Your Honor, I'm not ignoring that at all. That's what it sounds like. It sounds like you're going back to they weren't harmed, they weren't harmed, and that seems to be ignoring the fact that the New Jersey legislature has said, as pointed out by Judge Van Aske, we're making the private bar private attorneys general to help us enforce this. Harm or not? That's what the statute says. That's what the statute says. And what the New Jersey Supreme Court said was, we're not even sure that this statute applies to these types of certificates. The court said that it did not even know whether the court could argue this. We're not arguing about new rule. You've got to stay with us on the point we're on, okay? The point we're on is on prospective versus retrospective. The Kibble case says fundamental fairness compels the champions of the cause, should be rewarded for their effort and expense in challenging existing law. That's a quote. Why wouldn't that principle hold true here, at least as to the named plaintiffs? As to the named plaintiffs, as I said, Your Honor, what I have to go back to is what the court did in terms of analyzing what the equitable considerations were for prospective application. Let me just, I'm going to ask you what I asked your friend, about will retroactive application produce inequitable results. We all read Judge Pisano's opinion. And let's say there is, we had some debate about whether there was a suggestion to send it back for creation of an evidentiary record. And I guess there's two issues. One is they say you've waived it. And two, does that make sense to send it back? Obviously, you want a straight victory. But if we're not so sure, does it make sense to send it back for an evidentiary record? The answer is no. I don't think it makes sense for that. Given the posture of the case, this is not a situation where an evidentiary record would really do anything. We have a complaint that Well, couldn't it help us decide how does this actually affect an industry? Is it really fair to voice this upon an industry where it could cause great prejudice? I'm not sure what that testimony would look like, Your Honor. I mean, we're talking about something That's what I'm asking. I'm not sure either. I don't know of any case where the Supreme Court has suggested that under the circumstances we have here where some type of evidentiary record would need to be created. What the Supreme Court of New Jersey has stated, however, in the Coons case on this very point, is that the court cannot construct a workable rule where you would need to question each individual plaintiff or each individual party on a case-by-case basis. The court has to look at the equitable considerations, and the Supreme Court has talked about the equitable balancing test. So if this was to be sent back, you're talking about pulling people from a company to talk about I'm not sure what, what they were told by counsel about statutes. I mean, think about it. If a business had to deal with considering the practical effect of a statute that didn't apply, then you would have lawyers and companies giving advice on statutes that didn't apply, and it would be just unworkable. Let's go back to the first one just for a second. You obviously said it's too late. You guys should have come up with some evidence of maybe industry-wide practice, evidence to show that there would be inequity in the result you seek. Well, it's easy to say that, but putting that into practice is much more difficult. The cases remanded back to the district court where there was simply a complaint, and so the only real response was to answer the complaint or move to dismiss it. There's no way to invite the court to start taking testimony on the presumption that the Well, this actually loops into what Judge Jordan said at the beginning about our standard of review. Is this just a straight motion to dismiss, or is there more here, and how do we review it? But thank you, counsel. I have no idea. Okay. All right. But thank you, counsel. Your Honors, I'd like to return to the new rule of law issue, because even if there is a new rule of law here, the Supreme Court does not automatically apply pure prospectivity to a new rule of law. We've discussed the Henderson case in which the new rule of law applied to the parties to the case. In Perez v. Rent-a-Center, another class action case, the Supreme Court applied the new rule of law not only to the class representatives but to the entire class. And another case we cited in our brief, and I will botch the plaintiff's name, Slozinski v. Mielek from 2008, is another case where even though there was record evidence that others than the parties involved had a different view of the statute, a better case for prospectivity than exists here, even there, the Supreme Court did not apply pure prospectivity. Well, let me ask you what I asked Mr. McDonald, which is, is it appropriate for this Court to make that decision or do we need to send it back? In other words, would it be correct for us to say we understand Judge Pisano's concern, but we think that under Henderson, at a minimum, the named plaintiffs are entitled to relief and counsel can seek fees on that basis. That's the point of the statute. That's the point of Kibble. That's the point of Henderson. Or is that a decision we can make without going back and saying to the district court, this is what Henderson seems to say to us, now you should look at this? That's a decision that your honors can make, and the Henderson alternative, if I can call it that, is the minimum of what this Court should do. As I indicated, there are cases that have gone beyond that, but Henderson certainly is an alternative for the Court as has been raised in the argument today. We don't think, however, that you even get to the whole equitable considerations issue. It's an issue that we leapfrogged over in the main part of the colloquy because required before that is that restaurant.com have had a plausible alternative reading of the statute and that they engaged in reasonable reliance on that plausible alternative reading. Are you really contesting that there's no plausible alternative reading of the statute? Because if you're saying there's no plausible alternative reading of the statute, then you really are saying that, you know, you wouldn't put it this way, but you're saying we don't know what the heck we're doing. Because if there was only one plausible way to read the statute, we never would have sent it back to New Jersey. We sent it back because clearly there was more than one way to read the statute, right? I understand what your honor is saying, but almost more importantly is the idea that there's no evidence of the other prong, that there was any reasonable reliance either by restaurant.com or by anyone else on that alternative reading. It's also notable it's been 19 months since the Supreme Court ruled, and as your honor mentioned about Coons and the potential for other cases, there have been no other cases filed like this that have been brought to the attention of the Court or made part of the record. There's no amicus here on behalf of sellers of intangible products saying that the industry is going to be sent into rack and ruin because of all that. So whatever was the case in Coons, and whatever the viability of the new rule of law argument, the fact, as opposed to speculation and argument of counsel, with great respect to my friend Mr. McDonald, the facts don't support that there is any reasonable reliance by anyone on the plausible alternative reading of the law. Thank you, counsel. We'll take the case under advisement, and we'd love it if you'd come up and greet us at sidebar like we did in the last case, over to the right. Thank you, your honors. And the clerk will adjourn court.